UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LORENA VELASQUEZ and JOHAN A.
VELASQUEZ

                                                Plaintiffs,

-against-

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

                                                Defendant.
------------------------------------------------------------------------X

**For Online Publication Only**

**MEMORANDUM & ORDER**
22-CV-06777 (JMA)

**FILED
CLERK**

11:42 am, Jan 02, 2024

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

On November 7, 2022, pro se Plaintiff Lorena Velasquez ("Ms. Velasquez") brought this action on behalf of her son, Johan A. Velasquez ("Mr. Velasquez" and together with Ms. Velasquez, "Plaintiffs"), against Defendant Commissioner of Social Security arising from the denial of Mr. Velasquez's application for benefits under the Social Security Act, 42 U.S.C. §§ 401 et seq., 1381 et seq. (the "Act"). (See Complaint, ECF No. 1). Presently before the Court is Defendant's motion (1) under Federal Rule of Civil Procedure ("Rule") 12(b)(1) to dismiss this action for lack of subject matter jurisdiction or, alternatively, (2) under Rule 56(a) to dismiss this action by way of summary judgment. (See ECF No. 27.) For the reasons set forth below, the motion's alternative request for relief is construed as seeking dismissal under Rule 12(b)(6), the motion is GRANTED, and this action is DISMISSED.

## I. BACKGROUND

**A. Facts**

As discussed below, the Court need not look outside the Complaint to adjudicate the motion. See infra Part III. Accordingly, the following facts are drawn from Plaintiffs' Complaint. See, e.g., Bangs v. Smith, 84 F.4th 87, 95 (2d Cir. 2023).

At an unspecified time, Mr. Velasquez applied for "disability insurance benefits and/or Supplemental Security Income benefits" (the "Application"). (Complaint, ECF No. 1 ¶ 4.) At another unspecified time, the Bureau of Disability Insurance of the Social Security Administration denied the Application because Mr. Velasquez "failed to establish a period of disability and/or . . . did not have an impairment or combination of impairments of the severity prescribed by the pertinent provisions of the Social Security Act to establish a period of disability or to allow disability insurance benefits or Supplemental Security Income benefits." (Id. ¶ 6.) On August 20, 2021, at Mr. Velasquez's request, an Administrative Law Judge ("ALJ") held a hearing on the Application. (Id. ¶ 7.) On September 20, 2022, the ALJ denied the Application.[1] (Id.) On a later unspecified date, Mr. Velasquez requested review of the ALJ's decision by the Appeals Council. (Id. ¶ 8.) The Appeals Council has not yet rendered a decision regarding the Application. (See id. (acknowledging that there is no date on which the Appeals Council issued a letter affirming the ALJ's decision and no date on which Plaintiffs received such a letter).)

**B.** **Procedural History**

On November 7, 2022, Ms. Velasquez filed the Complaint seeking an order directing Defendant to remit the benefits requested in the Application and $50,000 for "pain and suffering" resulting from the denial of the Application. (Id. at 4). On June 26, 2023, Defendant filed the instant fully briefed motion.[2] (ECF Nos. 27-29.)

---

[1] Defendant contends that the ALJ held the hearing on September 20, 2022, and that the ALJ has, in fact, not issued a resulting decision because Mr. Velasquez has not responded to a request for additional information sent to him on February 18, 2023. (See Declaration of Lesha Cowell ("Cowell Decl."), ECF No. 27-1 ¶ 3(c)-(d).)

[2] Plaintiffs' opposition to the motion and later-filed letter to the Court dated June 30, 2023, summarily request to continue this case; they do not respond to Defendant's dismissal arguments. (See ECF Nos. 28, 31).

## II. LEGAL STANDARDS

### A. Subject Matter Jurisdiction

Under Rule 12(b)(1), a party may move to dismiss a complaint for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper when the district court lacks the statutory or constitutional power to adjudicate it." Ford v. D.C. 37 Union Local 1549, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam) (internal quotation marks omitted); see Brokamp v. James, 66 F.4th 374, 386 (2d Cir. 2023) (same). In deciding a Rule 12(b)(1) motion, the Court must "accept[] all material facts alleged in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor." Liranzo v. United States, 690 F.3d 78, 84 (2d Cir. 2012); see NRDC v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006) (similar). The Court may also "rely on non-conclusory, non-hearsay statements outside the pleadings" when evaluating subject matter jurisdiction. M.E.S., Inc. v. Snell, 712 F.3d 666, 671 (2d Cir. 2013); see Cooke v. United States, 918 F.3d 77, 80 (2d Cir. 2019) (similar). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Cooke, 918 F.3d at 80 (quoting McGowan v. United States, 825 F.3d 118, 125 (2d Cir. 2016)).

### B. Failure To State A Claim

Under Rule 12(b)(6), a party may move to dismiss a complaint when it fails to state a claim. FED. R. CIV. P. 12(b)(6). Courts evaluate motions to dismiss under Rule 12(b)(6) by determining whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). That standard requires the Court to accept as true all well-pled factual allegations in the Complaint and consider attachments to and documents incorporated by reference in the Complaint. See Gamm v. Sanderson Farms, Inc., 944 F.3d 455,

3

462 (2d Cir. 2019). The Court may also consider "matters of which judicial notice may be taken." Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (internal quotation marks omitted). While the Court accepts the Complaint's well-pled allegations as true, the Court need not accept conclusory assertions, legal conclusions, or formulaic recitation of a claim's elements. See, e.g., In re Facebook, Inc., IPO Derivative Litig., 797 F.3d 148, 159 (2d Cir. 2015). To be sure, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 664; see also id. at 678 (explaining that a complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Determining whether the Complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 664.

**C.    Plaintiffs' Pro Se Status**

"Where, as here, the complaint was filed pro se, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013) (quoting Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011)); see Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks omitted)). This policy is "driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." McLeod v. Jewish Guild For The Blind, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (emphasis added; internal quotation marks omitted). "Nonetheless, a pro se complaint must state a plausible claim for relief." Meadows v. United Servs., 963 F.3d 240, 243 (2d Cir. 2020) (quoting Hogan, 738 F.3d at 515). That is, "dismissal of a pro se complaint is nevertheless

4

appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." Temple v. Hudson View Owners Corp., 222 F. Supp. 3d 318, 323 (S.D.N.Y. 2016) (citing Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997)); see Williams v. Richardson, 425 F. Supp. 3d 191, 201 (S.D.N.Y. 2019) ("[T]he duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." (internal quotation marks omitted)).  Ultimately, "pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" E.g., Peavey v. A. Rosenblum, Inc., 793 F. Supp. 2d 590, 594 (E.D.N.Y. 2011) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)); see Faretta v. California, 422 U.S. 806, 834 n.46 (similar).

### III. DISCUSSION

#### A. Plaintiffs Properly Invoked The Court's Jurisdiction For The Claim Seeking Benefits Under The Act

Defendant contends that Plaintiffs' failure to exhaust available administrative remedies before filing suit deprives this Court of subject matter jurisdiction.[3]  (See Defendant's Memorandum Of Law ("Def. Mem."), ECF No. 27-2 at 1).  Elsewhere, however, Defendant acknowledges (as it must) that the failure to exhaust administrative remedies is "non-jurisdictional." (Id. at 1 n.1 (citing Escalera v. Comm'r of Soc. Sec., 457 F. App'x 4, 5 n.1 (2d Cir. 2011)).)  Accordingly, the Court will not dismiss Plaintiffs' challenge to the denial of benefits for lack of subject matter jurisdiction.  See Smith v. Berryhill, 139 S. Ct. 1765, 1773-74 (2019) (holding that the failure to exhaust administrative remedies under the Act is not jurisdictional); Nunez v. Comm'r of Soc. Sec., 848 F. App'x 35, 36 (2d Cir. 2021) (same); Dunn v. Comm'r of Soc. Sec., 832 F. App'x 62, 63 (2d Cir. 2020) (same).

---

[3]     Plaintiffs' failure to exhaust administrative remedies is discussed more fully below.  See infra Part III.C.

5

B.  **The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claim For Pain And Suffering**

Defendant argues that the Court lacks subject matter jurisdiction over Plaintiffs' claim for pain and suffering.  (See Def. Mem., ECF No. 27-2 at 11-12.).  The undersigned agrees.

"The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued." Cooke, 918 F.3d at 81.  "This immunity extends to federal agencies and officers acting in their official capacities." Foster v. FEMA, 128 F. Supp. 3d 717, 723 (E.D.N.Y. 2015); see Springfield Hosp., Inc. v. Guzman, 28 F.4th 403, 416 (2d Cir. 2022) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." (quoting F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994))).  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied.  Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996) (internal citations omitted); see FAA v. Cooper, 566 U.S. 284, 299 (2012) (similar).

Plaintiffs do not assert that Defendant's sovereign immunity has been waived for claims arising under the Act that seek damages.  Nor could they.  "[T]he United States has not waived its sovereign immunity for claims by a Social Security claimant seeking monetary relief in addition to benefits awards." Donnelly v. Barnhart, 80 F. App'x 701, 702 (2d Cir. 2003); see Schweiker v. Chilicky, 487 U.S. 412, 424–25 (1988) (recognizing that the Act "makes no provision for remedies in money damages against officials responsible for . . . conduct that leads to the wrongful denial of benefits.").  Indeed, the Act's waiver of Defendant's sovereign immunity in 42 U.S.C. § 405(g) limits the jurisdiction of federal courts to affirming, modifying, or reversing final decisions of the Social Security Administration in connection with social security eligibility and benefits determinations.  See 42 U.S.C. § 405(g); Smith v. Comm'r of Soc. Sec., No. 20-CV-1384, 2023

6

WL 5806222, at *5 (E.D.N.Y. Sept. 6, 2023) (describing this "limited" waiver of sovereign immunity); Joan T. v. Comm'r of Soc. Sec., No. 22-CV-01251, 2023 WL 2600199, at *5 (D. Conn. Mar. 22, 2023) (same). The absence of a sovereign immunity waiver for Plaintiffs' claim for pain and suffering damages renders this Court without jurisdiction to adjudicate that claim. See O'Donoghue v. United States Soc. Sec. Admin., 828 F. App'x 784, 788 (2d Cir. 2020) (affirming dismissal of money damages claim because the Act "provides no avenue for review" of it); Smith, 2023 WL 5806222, at *5-6 (holding Defendant's sovereign immunity deprived the court of jurisdiction to adjudicate money damages claims); Joan T., 2023 WL 2600199, at *5 (same).

Further, 42 U.S.C. § 405(h) ("Section 405(h)") specifically precludes Plaintiffs from invoking this Court's jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1346 (United States as a defendant) to "recover on any claim arising under" the Act. 42 U.S.C. § 405(h); see Smith, 139 S. Ct. at 1776 n.13 ("§405(h) . . . withdraws federal-court jurisdiction under 28 U. S. C. §§ 1331, 1346); Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000) ("Section 405(h) purports to make exclusive the judicial review method set forth in § 405(g)."). The Supreme Court interprets the "claim arising under" language of Section 405(h) "quite broadly." Heckler v. Ringer, 466 U.S. 602, 615 (1984) (citing Weinberger v. Salfi, 422 U.S. 749, 760-61 (1975)); see also Retina Grp. of New Eng., P.C. v. Dynasty Healthcare, LLC, 72 F.4th 488, 497 (2d Cir. 2023) ("The 'arising under' language of Section 405(h) is exceptionally broad . . . ."). For purposes of Section 405(h), a claim arises under the Act if (1) "both the standing and the substantive basis for the presentation" of the claim is the Act, or (2) the claim is "inextricably intertwined" with a claim for benefits under the Act. Heckler, 466 U.S. at 614-15; see Retina Grp. of New Eng., 72 F.4th at 492 (same). Because it is predicated on the denial of benefits, Plaintiffs' claim for pain and suffering arises under the Act and cannot invoke the Court's

7

jurisdiction. See Retina Grp. of New Eng., 72 F.4th at 496-97 (finding that Section 405(h) deprived the Court of jurisdiction to consider damages claims predicated on the improper enrollment for benefits); Jarrett v. United States, 874 F.2d 201, 204 (4th Cir. 1989) (finding Section 405(h) barred claim for emotional distress damages predicated on the termination of social security benefits); Joan T., 2023 WL 2600199, at *6 (finding plaintiff's "tort claims essentially arise under the Social Security Act and are precluded by § 405(h)"); see also Papadopoulos v. Astrue, No. 10-CV-7980, 2011 WL 5244942, at *11 (S.D.N.Y. Nov. 2, 2011) ("Section 405(h) expressly forecloses [Federal Tort Claims Act] claims against the Government . . . based upon the wrongful withholding of benefits under the Social Security Act.").

C.     **Plaintiffs' Claim Regarding Benefits Must Be Dismissed For Failure To State A Claim**

In the alternative to its jurisdiction arguments, Defendant seeks summary judgment given Plaintiffs' failure to exhaust administrative remedies—as evidenced by the materials Defendant submitted. (See Def. Mem., ECF No. 27-2 at 1; Cowell Decl., ECF No. 27-1). The Court, however, construes that request for relief as seeking dismissal for failure to state a claim because, here, relief may be granted under that higher standard without resorting to materials outside the

Complaint.[4] See Schwartz v. Compagnie Gen. Transatlantique, 405 F.2d 270, 273 (2d Cir. 1968) ("[A] trial judge may dismiss for failure to state a cause of action upon motion for summary judgment."); Santana v. Gravagna, No. 21-CV-8724, 2023 WL 4707264, at *4 (S.D.N.Y. Feb. 23, 2023) (construing summary judgment motions as Rule 12(b)(6) dismissal motions); Dolce v. Suffolk Cnty., No. 12-CV-0108, 2014 WL 655371, at *3 (E.D.N.Y. Feb. 20, 2014) (same), aff'd, 599 F. App'x 15 (2d Cir. 2015); see also Dunn, 832 F. App'x at 63 (construing dismissal for failure to exhaust administrative remedies as ordered under Rule 12(b)(6) and affirming same).

1.     **Plaintiffs Failed To Exhaust Administrative Remedies**

"Modern-day claimants [under the Act] must generally proceed through a four-step process before they can obtain review from a federal court." Smith, 139 S. Ct. at 1772. "First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is

---

[4]   In addition, the Court would not grant summary judgment for the following reasons.

First, Defendant failed to attach a Local Civil Rule 56.1 statement in support of the motion. See Local Civ. R. 56.1(a), (d) (providing that a summary judgment movant's failure to attach "a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried" with supporting citations to admissible evidence "may constitute grounds for denial of the motion"); T.Y. v. N.Y.C. Dep't of Educ., 584 F.3d 412, 417 (2d Cir. 2009) ("The requirement is strict; failure to submit a Rule 56.1 statement with a motion for summary judgment may result in the motion's denial."); Manzone v. Wal-Mart Stores, Inc., No. 17-CV-277, 2020 WL 5411483, at *1 & n.2 (E.D.N.Y. Sept. 9, 2020) (denying summary judgment motion for lack of a supporting Local Civil Rule 56.1 statement; collecting cases that did the same).

Second, Defendant failed to file with the motion copies of Local Civil Rule 56.1 and Local Civil Rule 56.2 served upon pro se Plaintiffs. See Local Civ. R. 56.2 (requiring a represented party moving for summary judgment against a pro se party to serve those materials and "file" them "together with the papers in support of the motion"); Williams v. Bayview Loan Servicing, LLC, No. 14-CV-7427, 2018 WL 11169388, at *3 (E.D.N.Y. Oct. 29, 2018) (denying summary judgment motion where movant failed to comply with Local Civil Rule 56.2 and the record did not reflect pro se nonmovant otherwise understood Rule 56; collecting cases that did the same). Defendant's service and filing of a Local Civil Rule 12.1 statement advising pro se litigants about potential conversion of a Rule 12(b) motion to a summary judgment motion (ECF No. 27-4) was misplaced because the Court cannot convert Defendant's Rule 12(b)(1) motion to a summary judgment motion. See Shapiro v. Cmty. First Servs., Inc., No. 11-CV-4061, 2013 WL 1122628, at *5 (E.D.N.Y. Mar. 18, 2013) (explaining why "defendants' request to convert their Rule 12(b)(1) motion into a summary judgment motion is foreclosed by the Federal Rules of Civil Procedure and Second Circuit precedent").

9

conducted by an ALJ.  Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council." Id. (citing 20 CFR §416.1400); see, e.g., Nunez, 848 F. App'x at 35 (similar).  "If a claimant has proceeded through all four steps on the merits, . . . §405(g) entitles him to judicial review in federal district court."  Smith, 139 S. Ct. at 1772 (emphasis added).  That is, under the Act, administrative remedies are exhausted "only after the Appeals Council has denied review of an ALJ's determination or decided the merits of plaintiff['s] claims following an ALJ's decision." Jordan-Rowell v. Comm'r of Soc. Sec., No. 15-CV-8326, 2016 WL 7392221, at *2 (S.D.N.Y. Dec. 20, 2016); see Nunez, 848 F. App'x at 35 ("The Appeals Council's decision is considered final, and a claimant may seek judicial review of that decision in district court." (citing 20 C.F.R. § 404.900(a)(5)) (emphasis added)).

      The Complaint makes clear that administrative remedies have not been exhausted. Specifically, the Complaint acknowledges that the fourth step has not been completed because, according to the Complaint's version of events, Mr. Velasquez's appeal to the Appeals Council remains pending.  (See Complaint, ECF No. 1 ¶ 8; see also Def. Mem., ECF No. 27-2 at 9 (recognizing that the Complaint concedes Plaintiffs "ha[ve] not received a decision or denial from the Appeals Council").)  These circumstances render the instant claims subject to dismissal.  See Dunn, 832 F. App'x at 64 (affirming dismissal because the complaint indicated that plaintiff's claim was "still under review" by the Appeals Council); Jordan-Rowell, 2016 WL 7392221, at *2 (dismissing claim for failure to exhaust administrative remedies because "the Appeals Council has yet to issue a decision"); see also O'Donoghue, 828 F. App'x at 788 (affirming dismissal because "[t]he complaint does not allege that [plaintiff] exhausted his administrative remedies" under the Act).

## 2. Plaintiffs' Failure To Exhaust Administrative Remedies Will Not Be Excused

The failure to exhaust administrative remedies may be excused by Defendant or by the Court. Smith, 139 S. Ct. at 1774. Defendant declined to excuse the exhaustion requirement here. (See Def. Mem., ECF No. 27-2 at 9-10.) For the Court to excuse the exhaustion requirement, and thereby preclude dismissal, Plaintiffs must show that "(1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm." Nunez, 848 F. App'x at 36 (quoting Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997)); see also Abbey v. Sullivan, 978 F.2d 37, 44 (2d Cir. 1992) ("Exhaustion is the rule, waiver the exception.").

"None of these apply: [Plaintiffs'] complaint challenged only the denial of benefits; there is no indication that exhaustion would be futile; and [Mr. Velasquez] never argued that he would have been injured if required to complete the exhaustion process." Nunez, 848 F. App'x at 36 (addressing pro se plaintiff's failure to exhaust administrative remedies); see Dunn, 832 F. App'x at 64 (affirming Rule 12(b)(6) dismissal because plaintiff "presented no facts in her pleadings to" excuse her failure to exhaust administrative remedies); Escalera, 457 F. App'x at 6 (finding plaintiff could not excuse administrative exhaustion because (1) his claims "involve[] a demand for benefits"; (2) exhaustion would, rather than be futile, "ensure a more complete review in federal court"; and (3) he failed to show that later relief would be inadequate).

11

## IV. CONCLUSION

For the reasons stated above, Defendant's motion is GRANTED and this action is DISMISSED. The Clerk of the Court is respectfully directed to close this case and mail a copy of this Memorandum & Order to Plaintiffs at their address of record.

Although Plaintiffs paid the fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: January 2, 2024
       Central Islip, New York

                                                    /s/ JMA
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE